UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Lee Tucker,                        :
        Petitioner,                :
                                   :
    v.                             :        File No. 2:08-CV-243
                                   :
Andrew Pallito,                    :
        Respondent.[1]             :


MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 1 and 8)

Petitioner Lee Tucker, proceeding *pro se*, has filed a
petition for writ of habeas corpus pursuant to 28 U.S.C. §
2254.  In 2005, Tucker was convicted in state court on two
counts of aggravated assault against a minor.  He is currently
serving a term of 12 to 25 years in prison.

Tucker's habeas corpus petition claims that his attorney
at trial was ineffective, that counsel coerced him into
pleading guilty, and that the State wrongfully used a coerced
confession.  He does not contest his guilt, but does seek a
reduction in his prison term.  The respondent now moves to
dismiss the petition, arguing that Tucker failed to exhaust
his state court remedies with respect to two of his three
claims, and that his remaining claim lacks merit.  For the

---

[1]  Pursuant to Fed. R. Civ. P. 25(d), Department of Corrections
Commissioner Andrew Pallito is automatically substituted for the former
Commissioner as the respondent in this case.

reason set forth below, I recommend that Tucker's petition be
DENIED.

<u>Factual and Procedural Background</u>

In January 2004, Tucker was charged with two counts of
aggravated sexual assault on a minor.  The maximum penalty on
the charges was life imprisonment.  In March 2005, he signed a
plea agreement in which the State agreed to argue for a prison
term of not more than 12 to 25 years.  The parties also agreed
that Tucker could argue for a split sentence of not less than
6 to 20 years.  Tucker entered his guilty plea before the
trial court on March 28, 2005.  <u>In re Tucker</u>, 2008 WL 2781197,
at *1 (Vt. May Term 2008).

A sentencing hearing was held on June 28, 2005.  The pre-
sentence investigation report ("PSI") recommended a sentence
of 15 to 25 years.  In accordance with the terms of the plea
agreement, Tucker was sentenced to concurrent terms of 12 to
25 years on each count.  <u>Id.</u>  Tucker moved for
reconsideration, the motion was denied, and Tucker appealed.
The appeal was subsequently dismissed by stipulation of the
parties on September 22, 2005. (Paper 8 at 4-5).

On December 20, 2005, Tucker filed a *pro se* motion for
post-conviction relief ("PCR").  The motion argued that

counsel had coerced Tucker into signing the plea agreement, and that the guilty plea should be withdrawn because counsel failed to properly explain the terms of the agreement. Tucker further claimed that counsel failed to: introduce results of a psychological test; object to the PSI; question the sentence; object to a statement by the victim's mother being read into the record at sentencing; and argue that Tucker's confession at the time of arrest was inadmissible because he was not advised of his <u>Miranda</u> rights and was not in his "right mind." Finally, Tucker complained that counsel referred to him before the trial court as illiterate. (Paper 8-3 at 15-17).

The state superior court denied Tucker's PCR motion. With respect to the question of whether the plea deal was sufficiently explained, the court found no prejudice, concluding that Tucker had received an adequate explanation of the agreement from the trial court. As to Tucker's claim of coercion, the court held that this claim was "controverted by his plea colloquy." All other claims were dismissed for lack of either legal or factual merit. <u>Id.</u> at 3-6.

Tucker appealed the denial of his PCR motion *pro se*. (Paper 7-7). The Vermont Supreme Court addressed, and rejected, his claim that counsel had not adequately explained

the plea deal, as well as his coercion claim.  Other arguments

"challenging the credibility of certain State witnesses and

requesting an opportunity to confront all witnesses" were not

addressed because they had not been raised before the trial

court.  In re Tucker, 2008 WL 2781197, at *3.  No other issues

were raised on direct appeal.

Tucker filed his § 2254 petition on November 4, 2008.  The

petition sets forth three grounds for relief.  First, Tucker

claims ineffective assistance of counsel.  This claim has

seven sub-parts, which include: (1) failure to properly

investigate; (2) failure to object to admissibility of certain

evidence; (3) knowingly misleading Tucker regarding the plea

agreement; (4) failure to raise an affirmative defense; (5)

possessing and concealing a conflict of interest; (6) failing

to suppress improper or inadmissible evidence; and (7) failing

to present mitigating evidence.  Tucker's second claim is that

counsel and counsel's investigator coerced him into signing

"an incomplete plea agreement."  Third, Tucker contends that

the State violated his Fifth Amendment rights by using a

coerced confession.  (Paper 1 at 4-5).

The respondent now moves to dismiss the petition.  With

regard to Tucker's ineffective assistance claim, the

respondent contends that none of the seven grounds listed in the petition were raised before the Vermont Supreme Court. Accordingly, the respondent argues that these claims are unexhausted, and should be dismissed as procedurally barred. As to Tucker's coercion claim, the respondent argues that the Vermont Supreme Court's holding on this issue should be upheld in accordance with § 2254's deferential standard of review. With respect to Tucker's third claim, that the State used a coerced confession, the respondent argues that the claim was not exhausted and that it lacks legal merit.

In response to the motion to dismiss, Tucker reiterates his claim that his guilty plea was involuntary and that he was misadvised by counsel. He asks the Court to consider his age, level of sophistication, and prior experience with the criminal justice system when considering a reduction in his prison term. Tucker does not respond to the respondent's procedural default argument, other than to note that a "stay and abeyance" allowing him to return to state court to exhaust all of his claims would not be appropriate. (Paper 10). As noted above, Tucker is not challenging the fact of his guilt.

Discussion

I.  Exhaustion

Tucker's first claim is that trial counsel was
ineffective. The respondent argues that although Tucker did
make an ineffective assistance argument in the state courts,
the specific claims being raised here were not raised
previously. Tucker's reply memorandum (Paper 10) does not
contest the respondent's argument on this point.

A federal court should not grant a writ of habeas corpus
unless the petitioner has exhausted his state court remedies.
See § 2254(b)(1)(A). To meet the exhaustion requirement, a
petitioner must have presented the state courts with "the same
claim he urges upon the federal courts," as a way of giving
the state court "an initial opportunity to pass upon and
correct alleged violations of its prisoners' federal rights."
Picard v. Connor, 404 U.S. 270, 275-76 (1971) (internal
citations omitted); see also Jones v. Keane, 329 F.3d 290, 295
(2d Cir. 2003). In order to have "fairly presented" federal
claims to the state courts, a petitioner must have (1) "set
forth in state court all of the essential factual allegations
asserted in his federal petition," and (2) "placed before the
state court essentially the same legal doctrine he asserts in
his federal petition." Daye v. Att'y Gen. of New York, 696
F.2d 186, 191-92 (2d Cir. 1982) (*en banc*). The Second Circuit

has interpreted the exhaustion requirement as requiring a petitioner to "present the substance of the same federal constitutional claims that he now urges upon the federal courts to the highest court in the pertinent state." Aparicio v. Artuz, 269 F.3d 78, 89-90 (2d Cir. 2001) (internal quotation marks and citations omitted).

Tucker argued ineffective assistance of counsel in his *pro se* PCR petition. However, his specific claims had little, if any, overlap with his current allegations. Indeed, there is no mention, in the PCR petition or on appeal, of a failure to investigate, a failure to object to evidence, or a failure to present mitigating evidence or affirmative defenses. (Paper 8-3 at 12-17); (Paper 7-7 at 1-5). Further, Tucker made no claim before the state courts that counsel had concealed a conflict of interest. These claims are, therefore, unexhausted.

The respondent also asserts that Tucker is claiming for the first time that he was "knowingly misled" by counsel. The respondent concedes, however, that Tucker made a related argument in state court when he claimed that counsel had failed to adequately explain the plea agreement. (Paper 8 at 16). These two claims, while perhaps factually similar, are

quite different in nature. Tucker's current claim suggests malicious intent by counsel. His prior claim alleged inadequate representation, with no suggestion of nefarious intent. Accordingly, the Court should consider Tucker's current claim unexhausted. However, in an abundance of caution, the merits of Tucker's claim that he was misled by counsel will be addressed below.

The only other part of Tucker's ineffective assistance claim that was arguably exhausted is his general claim that counsel "[f]ailed to suppress improper or inadmissible evidence." (Paper 1 at 4). When Tucker elaborates on this claim in his petition, he asserts that counsel should have moved to suppress his confession. Id. at 10. Similarly, in his state court PCR petition, Tucker argued that his confession should not have been admitted into evidence. (Paper 8-3 at 15). However, Tucker did not raise this claim in his PCR appeal, and the law is clear that in order to exhaust, the petitioner must have brought the claim before the state's highest appellate court. Aparicio, 269 F.3d at 89-90. This claim is, therefore, unexhausted.

Tucker's third claim for relief, concerning the State's use of a coerced confession, was not raised in any state court

proceeding.  Accordingly, this claim is unexhausted as well.

The respondent argues that in addition to this series of claims being unexhausted, they are procedurally defaulted. When a claim has never been presented to a state court, a federal court may find that there is an absence of available state corrective process under § 2254(b) "if it is clear that the unexhausted claim is procedurally barred by state law and, as such, its presentation in the state forum would be futile." Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2001) (citing Reyes v. Keane, 118 F.3d 136, 139 (2d Cir. 1997)).  If a claim is procedurally barred in state court, it may only be considered on federal habeas review upon a showing of cause and prejudice, or upon a showing that a miscarriage of justice will result if the claim is not reviewed.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 298 (1989).

Accordingly, the first step in this analysis is to determine whether Tuckers's unexhausted claims are procedurally barred in state court.  Under Vermont law, a claim that has not been raised on direct appeal is barred if, absent exigent circumstances, "the movant deliberately bypassed the issue on appeal."  In re Stewart, 140 Vt. 351,

9

361 (1981) (citing <u>Chin v. United States</u>, 622 F.2d 1090, 1092-93 (2d Cir. 1980); <u>Berard v. Moeykens</u>, 132 Vt. 597, 599-600 (1974)).  As the Vermont Supreme Court has explained, "post-conviction review is not a substitute for direct appeal."  <u>In re Carter</u>, 2004 VT 21, at ¶ 9 (2004).

Furthermore, when a § 2254 petitioner has brought a post-conviction review motion in state court, Vermont law dictates that a second such petition may be considered "abuse of the writ."  In <u>In re Laws</u>, the Vermont Supreme Court held that a petitioner abuses the writ by "raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice."  2007 VT 54, at ¶ 18; <u>see also</u> <u>In re Mayer</u>, 131 Vt. 248, 250-51 (1973).  In order to avoid a procedural bar in state court, Tucker would need to show cause for his failure to raise his claims previously, and actual prejudice resulting therefrom.  <u>In re Laws</u>, 2007 VT 54, at ¶ 15.

Tucker did not file a direct appeal in state court.  Consequently, even if he were to bring his unexhausted claims in a collateral proceeding in state court, any such claims would be deemed waived as "deliberately bypassed."  <u>Stewart</u>,

140 Vt. at 351.  Of course, a collateral claim of ineffective assistance of counsel may be raised post-conviction without having been raised on appeal, In re Laws, 2007 VT 54, at ¶ 10, but Tucker has already had his bite at that apple.  His current filings make no effort to show either cause for his failure to raise all of his ineffective assistance arguments in his PCR motion, or actual prejudice resulting from that failure.  The same is true for Tucker's claim that the State wrongfully used his confession.  These claims are, therefore, procedurally barred in state court.

When unexhausted claims are procedurally barred in state court, they may be dismissed by the federal court.  St. Helen v. Senkowski, 374 F.3d 181, 183 (2d Cir. 2004).  To avoid a procedural default in federal court, Tucker must again "show 'cause' for the default and 'prejudice attributable thereto,' or demonstrate that failure to consider the federal claims will result in a 'fundamental miscarriage of justice,' i.e., a showing of 'actual innocence.'"  Harris v. Reed, 489 U.S. 255, 262 (1989) (citations omitted); accord, Schlup v. Delo, 513 U.S. 298, 324-27 (1995); see also Messiah v. Duncan, 435 F.3d 186, 195 (2d Cir. 2006).  Use of the fundamental miscarriage of justice exception is "extremely rare," and should be

applied only in "extraordinary circumstances."  <u>See</u> <u>Sweet v.</u>
<u>Bennett</u>, 353 F.3d 135, 142 (2d Cir. 2003) (citing <u>Schlup</u>, 513
U.S. at 321-22).

   As noted previously, Tucker has failed to make a showing
of either cause or prejudice.  Nor does he urge the Court to
excuse his procedural defaults on the basis of a fundamental
miscarriage of justice.  In fact, Tucker highlights the fact
that he is not challenging his underlying guilt, and is
instead calling upon the Court to review his sentence in light
of his allegedly "coerced" plea and his personal situation.
While the Court will address the coercion question below, this
case does not present the sort of "extraordinary
circumstances" that would relieve Tucker of his default.  I
therefore recommend that the unexhausted claims in his § 2254
petition be DENIED.

II.  <u>Coercion Claim</u>

   There is no dispute that Tucker exhausted his coercion
claim in state court.  In his written submission to the
Vermont Supreme Court, Tucker alleged that his attorneys told
him he "would not stand a chance going to trial."  (Paper 7-7
at 1).

   They put before me the second plea bargain that the
   state offered me. . . .  I told both lawyers that I

12

did not understand what I tried to read.  Mr. Hesler
[sic] said repeatedly sign it it is not a bad deal.

After Mr. Hesler [sic] said this he went into the
court and talked to the judge and the State's
Attorney.  He came back and told me that the court
had agreed to let me split to serve six years.  I
asked him where and he said either St. Albans or the
Springfield facility.  I asked him if the court
agreed to put me on probation after I completed the
sex offender program – he said most likely that they
would agree to this also.  Meanwhile I'm sitting with
Mr. Frappe in the Lawyers Room, Mr. Frappe constantly
baggered [sic] me to sign the confession and the plea
agreement.

Id.  In his current petition, Tucker brings forth somewhat

different facts to support his coercion claim.

Appointed counsel did not explain the plea agreement
to the petitioner.  The plea agreement reflected a
sentencing range of 12 to 20 years. . . .  Appointed
counsel and the investigator both shouted at the
petitioner instructing him to sign the plea agreement
stating that he could not get a better offer from the
state, that if he went to trial he would get life,
and that the judge was only going to give him a six-
year minimum anyway.  Reluctantly, and feeling that
he had no other choice, the petitioner signed the
agreement.

(Paper 1 at 11-12).[2]

The Vermont Supreme Court rejected Tucker's coercion

claim, finding that even if counsel had pressured him as

_____

[2]  Tucker also claims that the plea agreement was "incomplete" because
it did not specify a six-year sentence.  Although such a guarantee would have
been inconsistent with the rest of the agreement – specifically the State's
reserved right to argue for a 12 year minimum – Tucker failed to argue in
state court that the agreement was not complete.  This claim is therefore
procedurally barred for reasons set forth above.

alleged, that conduct did "not amount to the type of
impermissible pressure on a client to plead guilty that would
render the deal involuntary." In re Tucker, 2008 WL 2781197,
at *1 (citing In re Quinn, 174 Vt. 562, 564 (2002)). The
court also found that "the colloquy from petitioner's plea
hearing demonstrates that petitioner understood the terms of
the plea and entered it voluntarily." Id. at *2.

In reviewing the Vermont Supreme Court's decision, the
Court must apply the standard of review set forth in 28 U.S.C.
§ 2254, which provides in relevant part:

> (d) An application for a writ of habeas corpus on
> behalf of a person in custody pursuant to the
> judgment of a State court shall not be granted with
> respect to any claim that was adjudicated on the
> merits in State court proceedings unless the
> adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or
> involved an unreasonable application of, clearly
> established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an
> unreasonable determination of the facts in light of
> the evidence presented in the State court proceeding.

28 U.S.C. § 2254.

"Clearly established Federal law" is comprised of "'the
holdings, as opposed to the dicta, of [the Supreme] Court's
decisions as of the time of the relevant state-court

14

decision.'" <u>Green v. Travis</u>, 414 F.3d 288, 296 (2d Cir. 2005) (quoting <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000)).  A decision is "contrary to" clearly established federal law, as determined by the Supreme Court, "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Earley v. Murray</u>, 451 F.3d 71, 74 (2d Cir. 2006).  A decision is an "unreasonable application" of clearly established federal law if a state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of [a] prisoner's case." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Earley</u>, 451 F.3d at 74.

The AEDPA standard of review is deferential to the reasoning provided in state court decisions.  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." <u>Gilchrist v. O'Keefe</u>, 260 F.3d 87, 93

(2d Cir. 2001) (quoting <u>Williams</u>, 529 U.S. at 411).  Also, state court factual determinations receive a presumption of correctness if they are "fairly supported by the record." <u>Williams v. Bartlett</u>, 44 F.3d 95, 99 (2d Cir. 1994).

Tucker's petition and supporting memorandum do not cite any federal law with regard to his coercion claim.  (Paper 1 at 11-12); (Paper 1-4 at 15-16).  Consequently, his filings do not explain how the Vermont Supreme Court's ruling either ran afoul of, or unreasonably applied, clearly established Supreme Court case law.  In general, a plea is voluntary when the individual is "fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel," unless "induced by threats ... misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper."  <u>Brady v. United States</u>, 397 U.S. 742, 755 (1970) (internal quotations and citation omitted) (parenthetical in original).  A defendant who has pleaded guilty may also "attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel" was constitutionally deficient. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973).

Here, Tucker claims that counsel assured him of a six-year prison sentence and badgered him into signing the plea agreement.  With respect to counsel's urging that Tucker accept the agreement, counsel's alleged behavior did not constitute inadequate representation.  Indeed, given that Tucker was facing a maximum penalty of life imprisonment, there is no suggestion in the record that counsel's advice with respect to the plea deal was unsound.  Furthermore, while the Court accepts Tucker's account of feeling pressured, the Second Circuit has noted that it is "common place that a defendant will feel 'coerced' in the lay sense of the word by an attorney's recommendation to plead guilty rather than proceed to trial."  United States v. Juncal, 245 F.3d 166, 174 (2d Cir. 2001).

As to counsel's alleged representation that Tucker would receive a six-year sentence, any confusion on this point was remedied during Tucker's plea colloquy.  Relevant portions of the change of plea transcript read as follows:

> COURT: The State agrees to be capped at arguing for a sentence of twelve to twenty-five years to serve.  Now what that means is that the minimum would be no more than twelve, the maximum no more than twenty-five.  Defendant agrees that he will argue for no less than six years to serve on the minimum, and no less than twenty years on the maximum term. Defendant preserves the right to argue for a split

sentence, so long as the split is not less than six
-- six years to serve.

Okay.  So Mr. Tucker, is this agreement
satisfactory to you?

MR. TUCKER: Yes, Your Honor.

COURT: Okay.  Now I will say although it appears
to be satisfactory to me, I'm going to wait until I
see the pre-sentence report before I finally accept
it.  I don't have any reason to believe I won't
accept it, but I am going to reserve that right.

MR. TUCKER: Thank you.

(Paper 8-3 at 50).

What the transcript reveals is that Tucker knew the

trial court had discretion to impose a minimum sentence of

greater than six years.  As the court explained, both sides

would be able to present their arguments, but the court held

the ultimate power to accept or reject both the plea agreement

and the parties' respective positions.  Moreover, Tucker

acknowledged to the Court that no promises had been made with

regard to his sentence.

COURT: Apart from the plea agreement which I read a
few minutes ago, has anyone made any other promises
to you or any threats of any kind, or has anybody
said or done anything else to try to get you to plead
guilty?

MR. TUCKER: No, sir.

(Paper 8-3 at 59).  Tucker also confirmed that he was

18

satisfied with the legal advice and representation provided by counsel, and that he was entering his plea "freely and voluntarily." Id.

The Supreme Court has held that "the representations of the defendant at [a plea colloquy] . . . constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . ." Blackledge v. Allison, 431 U.S. 63, 74, (1977); see also United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997) ("A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea.").

In this case, the state courts properly relied upon Tucker's sworn statements during his plea colloquy. At the change of plea, the trial court clearly explained the fundamental terms of the plea agreement, and Tucker acknowledged under oath that he understood those terms. Tucker's conclusory submissions to the contrary were rejected at the state level, and he has failed to show that the state rulings were contrary to, or constituted an unreasonable

application of, clearly established law.  28 U.S.C. §
2254(d)(1).  Nor has he shown that the state courts
unreasonably determined the relevant facts.  28 U.S.C. §
2254(d)(2).  I thus recommend that Tucker's coercion claim be
DENIED.

III.  <u>Claim That Counsel Was Misleading</u>

As discussed above, Tucker's claim that counsel *knowingly*
misled him about his potential sentence was not raised
previously.  Nonetheless, Tucker did argue in state court that
his plea should be withdrawn because counsel failed to
adequately explain the terms of the agreement.  Tucker made
this allegation both in challenging the validity of his plea
and in support of an ineffective assistance of counsel claim.
<u>In re Tucker</u>, 2008 WL 2781197, at *2-*3.

The Vermont Supreme Court again rejected Tucker's claims
on the basis of his sworn statements during the change of plea
hearing.  Citing the trial court's explanation of the plea
agreement, and Tucker's clear acquiescence to the terms of the
agreement, the court concluded that "[g]iven this
uncontroverted evidence . . . petitioner cannot demonstrate
that he reasonably relied on a different understanding of the
plea agreement."  <u>Id.</u> at *2.  The court also cited the plea

colloquy in rejecting Tucker's ineffective assistance claim. Id. at *3.

Courts in this circuit have regularly held that a guilty plea may not be withdrawn, notwithstanding any alleged shortcomings in the explanation of the plea agreement by counsel, so long as the trial court insured that the petitioner understood the terms of the agreement at the time of his plea. See, e.g., Rakmanov v. United States, 2008 WL 565478, at *2 (E.D.N.Y. Feb. 28, 2008); United States v. Aguilar-Rojas, 2007 WL 669802, at *2-*3 (E.D.N.Y. Feb. 28, 2007); Santana v. United States, 2005 WL 180932, at *4 (S.D.N.Y. Jan. 26, 2005). Tucker does not refute the fact that the trial court explained the agreement to him at his change of plea. Accordingly, the Court should reject his claim that the plea was invalid due to counsel's failure to properly explain its terms. See generally United States ex. rel Curtis v. Zelker, 466 F.2d 1092, 1098 (2d Cir. 1972) ("Although a claim frequently asserted is that the guilty plea was entered by the prisoner in the erroneous belief, induced by discussions with his lawyer, that he would receive a lesser sentence than that ultimately imposed . . . this has repeatedly been held insufficient to warrant the issuance of a

writ."). The Court should also reject his ineffective assistance claim, as any potential prejudice resulting from counsel's performance was remedied by the trial court. <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 694 (1984) (ineffective assistance of counsel claim requires prejudice).


<u>Conclusion</u>

For the reasons set forth above, I recommend that the respondent's motion to dismiss (Paper 8) be GRANTED, that Tucker's petition for a writ of habeas corpus (Paper 1) be DENIED, and that this case be DISMISSED.

Dated at Burlington, in the District of Vermont, this 13th day of July, 2009.


/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).